FILED
SUPERIOR COURT
OF GUAM

2019 DEC 16 PM 1:49

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**JOSIAH JAMES ANDERSON,**<br>DOB: 10/21/2001<br><br>Defendant. | CRIMINAL CASE NO. CF0288-19<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on September 26, 2019, upon the Defendant's Motion to Transfer [to Family Court] Pursuant to 19 GCA § 5106(d) filed August 15, 2019 ("Motion"). Defendant Josiah James Anderson ("Defendant") is represented by Attorney Douglas B. Moylan. Assistant Attorney General Christine S. Tenorio represented the People of Guam ("the People"). Having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

## BACKGROUND

On May 21, 2019, a grand jury returned an indictment and charged the Defendant with: 1) Burglary (as a Second Degree Felony); 2) Criminal Mischief (as a Misdemeanor); 3) Criminal Trespass (as a Petty Misdemeanor); and 4) Theft (as a Petty Misdemeanor). See Indictment (May 21, 2019). According to the Indictment, on or about April 4, 2019, the Defendant allegedly entered the property of Simon Sanchez High School and damaged certain property on the premises. Further, the Defendant is also alleged to have taken certain movable property belonging to Simon Sanchez High School. Id. On August 15, 2019, the Defendant filed

the instant Motion to Transfer [to Family Court] pursuant to 19 GCA § 5106(d). The People filed their Opposition on August 30, 2019, and the Defendant filed his Reply on September 25, 2019. On September 26, 2019, a hearing was held on the instant motion and the Court subsequently took the matter under advisement.

## DISCUSSION

Title 19 GCA § 5106 provides the mechanism by which the Superior Court can obtain "adult" jurisdiction over a minor. People v. Gomia, 2017 Guam 3 ¶ 10. The statute reads, in relevant part, ". . . [a] child who is sixteen (16) years of age or older at the time he committed the offense for which he is charged *shall automatically* be charged as an adult for any act which would constitute a felony of the first or second degree along with any acts which are misdemeanors or felonies of the third degree which are part of the same scheme of criminal activity as the felony." 19 GCA § 5106(a) (emphasis added). Notwithstanding the mandates of 19 GCA § 5106(a), Guam law also authorizes courts to transfer the matter to the jurisdiction of the Family Court. 19 GCA § 5106(d). Transfer or decertification to Family Court is permissible upon a finding based on "clear and convincing evidence that the best interest of the minor would be amendable to the care, treatment, and training programs available through the facilities of the juvenile court . . . ." Id. In evaluating whether transfer to Family Court is proper, the Court should consider the following factors:

(1) the age of the minor;
(2) the history of the minor, including:
    (A) any previous delinquent or criminal history of the minor;
    (B) any previous abuse or neglect history of the minor; and
    (C) any mental health, physical or educational history of the minor, or a combination of these factors;
(3) the circumstances of the offense, including:
    (A) the seriousness of the offense;
    (B) whether the minor is charged through accountability;
    (C) whether there is evidence the offense was committed in an aggressive and premeditated manner;
    (D) whether there is evidence the offense caused seriously bodily harm; and
    (E) whether there is evidence the minor possessed a deadly weapon;

> (4) the advantages of treatment within the juvenile justice system including, whether there are facilities or programs, or both, particularly available in the juvenile system;
>
> (5) whether the security of the public requires sentencing under Title 9, Chapter 80 of the Guam Code Annotated;
>
> (6) the minor's history of services, including the minor's willingness to participate meaningfully in available services;
>
> (7) whether there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the juvenile court's jurisdiction; and
>
> (8) the adequacy of the punishment or services.

Id. Further, in considering the factors above, the Court ***shall give greater weight*** to the seriousness of the alleged offense and the minor's history of juvenile delinquency than any other factor. Id. (emphasis added).

**I.    Age and History of the Minor**

At the time of the alleged offense, the Defendant was seventeen years old and approximately five months away from turning eighteen. Therefore, at the time the Defendant committed the alleged offense, the Defendant was properly charged as an adult pursuant to the Family Court Act. See 19 GCA § 5106(a) (a child who is sixteen (16) years of age or older at the time of the alleged offense shall automatically be charged as an adult for any act which would constitute a felony of the first or second degree).

The Defendant has one prior juvenile case, JD0178-15, in which the Defendant was charged for touching other minors. The Defendant's juvenile case was closed in 2017. Further, in addition to the instant matter, the Defendant has one other active criminal case, CF0278-19. In that felony case, the Defendant is being charged with Theft of a Motor Vehicle (as a Second Degree Felony), Burglary to a Motor Vehicle (as a Second Degree Felony), Criminal Mischief to a Motor Vehicle (as a Third Degree Felony), and Theft (as a Petty Misdemeanor). The Defendant was also properly charged in CF0278-19 as an adult pursuant to 19 GCA § 5106(a)[1]. The Court also notes that in both active felony cases, CF0288-19 and CF0278-19, a First Violation Report was filed on June 27, 2019, indicating that the Defendant failed to obey his

---

[1] A similar Motion to Transfer to Family Court was filed in CF0278-19 before the Honorable Maria T. Cenzon. That motion is currently under advisement.

house arrest conditions. The Defendant was subsequently taken into custody at the Department of Youth Affairs.

On July 3, 2019, at the hearing on the Return of Warrant for the First Violation Report, defense counsel requested that the Defendant undergo a Forensic Evaluation due to a possible mental disease or defect[2]. On September 26, 2019, at the hearing on the instant motion, the Defendant's mother, Elmarie Anderson, testified that the Defendant had been enrolled in special education classes up until high school. Further, Jonah Cabiles, a care coordinator at Guam Behavioral Health and Wellness Center ("GBHWC") testified that there is currently a treatment plan in effect for the Defendant and that the Defendant is in process of obtaining such treatment.

Thus, in considering the first two factors above, absent any specific finding as to the Defendant's mental health status or history, the Court finds that the Defendant's delinquent criminal history and current second degree felony charges weigh against transferring the Defendant's case to Family Court.

## II.     Circumstances of the Offense

Here, the Defendant is being charged with Burglary, Criminal Trespass, Criminal Mischief, and Theft. The Court acknowledges that these charges against the Defendant are neither violent nor particularly heinous. Neither is the Defendant alleged to have been in possession of a deadly weapon nor is he alleged to have caused bodily harm towards another person. The Court recognizes that trespass, theft, and destruction of property are indeed serious crimes and that there is a great public interest in protecting the public from burglary and theft. However, given the nonviolent nature of the alleged offenses and other circumstances, the Court finds that this factor weighs slightly in favor of decertification to Family Court.

## III.    Advantages of Treatment in the Juvenile System, the Defendant's History of Treatment, and Likelihood of Rehabilitation.

Indeed, there are treatment programs in the Family Court, such as a theft diversion program, available to minors who commit theft crimes. However, although the therapeutic and

---

[2] No Forensic Evaluation has been filed in this matter. However, the Court notes that on September 24, 2019, a Forensic Evaluation was filed in CF0278-19.

rehabilitative focus of the juvenile system is generally preferred over the harshness of incarceration and fines imposed in adult criminal courts, the Defendant must also demonstrate a likelihood of rehabilitation. In other words, it is not enough that the Defendant establish that the Family Court is preferable, but the Defendant must also convince the Court that he would avail of such benefits and succeed.

The Court finds that the Defendant is not a suitable candidate amenable to treatment in the Family Court system. As aforementioned, in addition to the instant felony case, the Defendant has another active adult felony case in CF0278-19, which involves similar offenses to the offenses charged herein[3]. Further, the Court notes that the Defendant was on pre-trial release in CF0278-19 when the Defendant picked up the new charges in the instant felony matter. Violation reports were also filed in both felony cases for failure to comply with his pre-trial release conditions, that is, violating house arrest. Finally, the Defendant has a history of services in his prior juvenile case, JD0178-15. Although those services in JD0178-15 might differ from the services the Defendant would likely receive for the offenses committed in the instant felony case, the Defendant was nonetheless afforded the care, treatment, and training programs of the juvenile court. Since the juvenile matter closed in 2017, and despite treatment already offered by the Family Court, the Defendant continues to find himself in trouble with the justice system and managed to obtain two second-degree felony cases. Thus, by his actions, the Defendant has shown that he is not amenable to obeying the law nor that he actually benefited from any prior rehabilitation through the Family Court system. Accordingly, this factor weighs against decertification.

## IV. Security of the Public

As determined above, the charges against the Defendant are nonviolent. Certainly, the Court recognizes that the charges against the Defendant are serious crimes and that there is a great public interest in protecting the public from burglary and theft. Further, as previously

---

[3] In CF0278-19, the alleged incident involved multiple burglary and theft charges involving two motor vehicles. Thus, the charges therein involve a slightly similar set of facts as the instant felony matter currently before this Court.

noted, the Defendant was on pre-trial release in CF0278-19 when the Defendant was indicted in the instant felony matter. Thus, considering the Defendant's history and the closeness in time between the Defendant's two active felony theft cases, punishment pursuant to Title 9 Chapter 80 might be necessary to deter the Defendant from repeating this recent pattern of alleged criminal activity. Accordingly, the Court finds that this factor weighs against transferring the matter to Family Court.

## V. Adequacy of Punishment

If this matter is transferred to Family Court, the Family Court would retain jurisdiction over the Defendant until the Defendant turns twenty-one (21) years old. 19 GCA § 5105. The Defendant is currently eighteen (18) years old. Thus, if the Court chooses to decertify the Defendant, the Family Court would retain jurisdiction for a maximum of three (3) years. Id. On the other hand, if convicted of the greatest charge, that is, Burglary (as a Second-Degree Felony), the Defendant would be subject to a minimum sentence of five (5) years without suspension, with a maximum sentence of up to ten (10) years imprisonment. 9 GCA § 37.20(b). The Defendant, however, may also be sentenced as a first-time offender and would receive up to five (5) years imprisonment in lieu of the standard sentencing range. Id. If convicted for the less serious crimes, the Defendant could possibly serve a comparable amount of time as he would spend in the Family Court system. Therefore, in comparing the Family Court's maximum jurisdiction to the possible sentence that could be imposed if the Defendant is convicted, the Court finds the range is marginally proportional. Accordingly, the Court finds that this factor weighs slightly in favor of decertification to Family Court.

Having analyzed the factors above, the Court finds that the factors taken together weigh against decertification and transfer to Family Court. See 19 GCA § 5106(d) (in considering the above factors, the Court *shall give greater weight* to the seriousness of the alleged offense and the minor's history of juvenile delinquency than any other factor (emphasis added)). The Court does not find that clear and convincing evidence demonstrated "that the best interest of the minor would be amenable to the care, treatment, and training programs available through the

facilities of the juvenile court." Id. Accordingly, the Defendant's Motion to Transfer [to Family Court] Pursuant to 19 GCA § 5106(d) is **DENIED**.

### CONCLUSION

For the reasons set forth above, the Defendant's Motion to Transfer [to Family Court] Pursuant to 19 GCA § 5106(d) is **DENIED**.

**IT IS SO ORDERED**     DEC 16 2019     .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

Date: DEC 16 2019   Time: 2

Deputy Clerk, Superior Court of Guam